IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

AIDAN HARDING

Magistrate No. 25-136
Criminal No. 25-44

### RESPONSE TO MOTION TO SEAL EXHIBITS ADMITTED AT PRELIMINARY AND DETENTION HEARING

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Jeffrey R. Bengel, Assistant United States Attorney for said District, and respectfully submits this opposition to defendant's motion to seal the exhibits admitted at the preliminary and detention hearing in this case.

On February 12, 2025, a preliminary and detention hearing was held in this matter before United States Magistrate Judge Christopher B. Brown. During the hearing, the government admitted into evidence items labeled as Exhibits A through Y, and Exhibits AA and BB. Counsel for the government is aware of certain requests for access to these materials. Upon becoming aware of these requests, the government filed a motion to seal four specific exhibits—those marked as Exhibits A, L, N, and O. On April 3, 2025, Harding filed a motion concurring in the sealing of those four exhibits, and additionally seeking to seal <u>all</u> of the remaining exhibits admitted at the detention hearing. *See* Def.'s Mot. to Seal (Doc. No. 32). Harding's motion should be granted as to Exhibits A, L, N, and O, but otherwise denied.

As noted by the Court of Appeals for the Third Circuit, "it is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." *United States v. Wecht*, 484 F.3d 194, 207–08 (3d Cir. 2007) (alteration omitted). The common law right "attaches to any document that is considered a judicial record, which depends

1

on whether the document has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Id.* at 208. "The general presumption under the common law is that the 'public has a right of access to judicial materials.'" *In re Forbes Media LLC*, 2022 WL 17369017, at *2 (W.D. Pa. Dec. 2, 2022) (Hornak, C.J.) (quoting *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019)); *see also United States v. Konrad*, 2011 WL 1549494, at *5 (E.D. Pa. Apr. 19, 2011) (A "presumption of access attaches to any document deemed to be a judicial record."). "Courts have uniformly held that the party seeking to have court documents restricted from public access has the burden of establishing that the presumption of public records should be overcome, and that the burden is a heavy one." *In re Forbes Media LLC*, 2022 WL 17369017, at *2 (internal quotation marks omitted).

The exhibits at issue here were admitted into evidence during Harding's preliminary and detention hearing. As a result, they are judicial records that are subject to a presumption in favor of public access. In light of that presumption, the government has sought sealing for only two categories of documents. First, the government seeks to seal Exhibit A, a search warrant affidavit that contains sensitive information about the government's investigation, methods, and sources. Defendant does not dispute the propriety of sealing information on that basis. *See* Def.'s Mot. at 5 (citing *United States v. Raffoul*, 826 F.2d 218, 223 (3d Cir. 1987)). Second, the government seeks to seal Exhibit L, the affidavit in support of the criminal complaint, as well as Exhibits N and O. Citing the need to protect victims' rights, the government has already sought an order partially sealing Exhibit L, *see* Gov't's Mot. for Limited Unsealing (Doc. No. 9), which the Court has entered, *see* Jan. 29, 2025 Order (Doc. No. 11). The government submits that Exhibits N and O should be sealed because they depict individuals who have suffered abuse consistent with the

764 movement; Exhibit O appears to contain a victim's name. The sealing of this limited category of documents is consistent with the law and with a previous Order of the Court.

On the other hand, the sweeping sealing order requested by the defendant is not. In an attempt to rebut the presumption in favor of public access, Harding cites a perceived risk that "the release of these exhibits will taint potential jurors and infringe upon Defendant's Six[th] Amendment right to a fair trial." *See* Def.'s Mot. to Seal at 6. That is speculative and insufficient to carry his "heavy" burden. The primary support upon which Harding relies is *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978), which the United States Supreme Court described as a "concededly singular case,", *id.* at 608. Finally, as discussed during the detention hearing, Harding has acted in an open and notorious manner concerning his extreme, violent, interests and ideology. The Court should not lightly seal from public view matters which Harding himself has previously disclosed.

WHEREFORE, the government respectfully requests that the Court seal <u>only</u> preliminary and detention hearing Exhibits A, L, N, and O. If, for any reason, the Court holds that one or more of those exhibits should be unsealed, the government requests an opportunity to create a redacted copy that omits the most sensitive information. To the extent that Harding seeks the sealing of additional exhibits, that motion should be denied.

                                                    Respectfully submitted,

                                                    TROY RIVETTI
                                                    Acting United States Attorney

By: */s/ Jeffrey R. Bengel*
     JEFFREY R. BENGEL
     Assistant United States Attorney
     DC ID No. 1018621